UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

---

ADRIAN THOMPSON,
1301 U Street, Apt 304,
Washington, DC  20020,

               Plaintiff,             Civil Action No. 1:20-cv-02293

    v.

CASEY LOGAN,
300 Indiana Ave NW
Washington, DC  20001,

MARK MINZAK,
300 Indiana Ave NW
Washington, DC  20001,

MICHAEL VAILLANCOURT,
300 Indiana Ave NW
Washington, DC  20001,

QASIM THOMAS,
300 Indiana Ave NW
Washington, DC  20001,

and

CURTIS SLOAN,
300 Indiana Ave NW
Washington, DC  20001,

               Defendants.

---

**COMPLAINT AND JURY DEMAND**

---

NOW COMES Plaintiff Adrian Thompson, by his attorneys, the law firm of GINGRAS THOMSEN & WACHS LLP, by Attorney William F. Sulton, and alleges the following:

## I. Introduction

1. On August 19, 2017 Plaintiff Adrian Thompson, an African American man, was sitting in the front passenger seat of a car that was lawfully parked in the District of Columbia. The Defendant officers unlawfully stopped, frisked, searched and detained Mr. Thompson. This action is brought, under 42 U.S.C. § 1983, to redress those violations of the Fourth Amendment of the U.S. Constitution.

## II. Jurisdiction and Venue

2. This Court has jurisdiction over the claims and parties pursuant to 28 U.S.C. § 1331 and § 1343(a).

3. Venue in this district court is proper pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to the claims in this complaint occurred within this judicial district.

## III. The Parties

### A. Plaintiff

4. Plaintiff Adrian Thompson ("Thompson") is an African American man who resides and is domiciled in the District of Columbia.

**B.     Defendants**

5. Casey Logan ("Ofc. Logan") was at all times relevant to the claims in this complaint a police officer employed by the Metropolitan Police Department ("MPD") and was acting under color of law. Ofc. Logan is being sued in his individual capacity.

6. Mark Minzak ("Ofc. Minzak") was at all times relevant to the claims in this complaint a police officer employed by MPD and was acting under color of law. Ofc. Minzak is being sued in his individual capacity.

7. Michael Vaillancourt ("Ofc. Vaillacourt") was at all times relevant to the claims in this complaint a police officer employed by MPD and was acting under color of law. Ofc. Vaillacourt is being sued in his individual capacity.

8. Qasim Thomas ("Ofc. Thomas") was at all times relevant to the claims in this complaint a police officer employed by MPD and was acting under color of law. Ofc. Thomas is being sued in his individual capacity.

9. Curtis Sloan ("Sgt. Sloan") was at all times relevant to the claims in this complaint a police sergeant employed by MPD and was acting under color of law. Sgt. Sloan was responsible for the oversight and supervision of Ofc. Logan, Ofc. Minzak, Ofc. Vaillancourt and Ofc. Thomas. Sgt. Sloan is being sued in his individual capacity.

## IV.  Facts

10. On August 19, 2017 Thompson was sitting in the front passenger seat of a lawfully parked car in front of 1521 F Street, NE, in the District of Columbia.

11. Ofc. Logan, Ofc. Minzak, Ofc. Thomas and Ofc. Vaillancourt were patrolling in an unmarked police vehicle (a Dodge Durango).

12. Sgt. Sloan was patrolling behind his subordinate officers in a marked police vehicle (a cruiser).

13. The officers were dressed in plain clothes but wearing black tactical vests with the word "POLICE" written on the front and back clearly visible.

14. Ofc. Minzak was driving the unmarked police vehicle, saw Thompson and stopped behind the car Thompson was sitting in.

15. Sgt. Sloan also stopped behind the car Thompson was sitting in.

16. Ofc. Logan exited the unmarked police vehicle and Sgt. Sloan exited the marked police vehicle and approached Thompson from the passenger side of the car.

17. Ofc. Minzak and Ofc. Thomas exited the unmarked police vehicle and approached Thompson from the driver side of the car.

18. Ofc. Logan said to Thompson, "Listen, is this your car?" Thompson replied that the car belongs to his friend and he was waiting for his friend to come back.

19. Ofc. Logan asked Thompson for his name and where he lived. Thompson provided the requested information.

20. Ofc. Logan asked Thompson, "Do you have your I.D. on you?" Thompson replied that he did not.

21. Ofc. Vaillancourt exited the unmarked police vehicle and walked to over to where Thompson was.

22. Ofc. Logan said to Thompson, "Let me holler at you outside," meaning get out of the car.

23. At the time that Ofc. Logan ordered Thompson to exit the car, Thompson was surrounded by five police officers.

24. At the time that Ofc. Logan ordered Thompson to exit the car, Ofc. Logan had communicated to Thompson that he was under criminal investigation and not at liberty to walk away.

25. This fact was reinforced when Ofc. Logan commanded Thompson to put his hands above his head.

26. When Thompson reflexively moved his down slightly when Ofc. Logan reached out to touch him, Ofc. Logan and other officers began yelling at Thompson to keep his hands up.

27. Ofc. Logan, without reasonable suspicion that Thompson was armed or dangerous, frisked Thompson.

28. Ofc. Logan's frisk exceeded the legal limitations of frisk by reaching into Thompson's pants, his pants' pockets, underneath the bottom of his pants, underneath the tongues of his shoes and down inside of his shoes.

29. The unlawful frisk and search did not reveal any contraband or weapons.

30.     Defendants then detained Thompson while they unlawfully searched the car Thompson was sitting in.

31.     The encounter was never consensual.

## V. Claims for Relief

32.     Ofc. Logan, Ofc. Minzak, Ofc. Thomas, Ofc. Vaillancourt and Sgt. Sloan unlawfully stopped Thompson without reasonable suspicion that Thompson had engaged in any criminal wrongdoing.

33.     Ofc. Logan unlawfully frisked Thompson without reasonable suspicion that Thompson was armed and dangerous.

34.     Ofc. Logan unlawfully searched Thompson without probable cause that Thompson had engaged in any criminal wrongdoing.

35.     Ofc. Logan, Ofc. Minzak, Ofc. Thomas, Ofc. Vaillancourt and Sgt. Sloan unlawfully detained Thompson without reasonable suspicion or probable cause that Thompson had engaged in any criminal wrongdoing.

36.     Sgt. Sloan, Ofc. Minzak, Ofc. Thomas and Ofc. Vaillancourt failed to intervene and stop Ofc. Logan from unlawfully frisking and searching Thompson.

37.     Sgt. Sloan failed to intervene and prevent, and indeed he participated in, the constitutional violations described above, without limitation to the unlawful detention.

38.     Ofc. Logan, Ofc. Minzak, Ofc. Thomas, Ofc. Vaillancourt and Sgt. Sloan's violations of Thompson's constitutional rights were causes in fact of

Thompson's injuries, without limitation to emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life.

## VI. Relief Requested

39. Thompson respectfully requests that this Honorable Court enter judgment for him and against each Defendant, and award the following relief:

   a. A declaration, pursuant to 28 U.S.C. § 2201(a), stating, in part, that Defendants violated Thompson's rights under the Fourth Amendment to the U.S. Constitution and proscribing Defendants from further constitutional violations.

   b. An order awarding Thompson damages for emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life.

   c. An order awarding Thompson punitive damages.

   d. An order awarding Thompson's attorneys' fees pursuant to 42 U.S.C. § 1988(b).

   e. An order awarding Thompson's experts' fees pursuant to 42 U.S.C. § 1988(c).

   f. An order awarding Thompson's taxable costs and disbursements pursuant to 28 U.S.C. § 1920.

   g. Grant such other and further relief as the Court deems just and proper pursuant to 28 U.S.C. § 2202 and other laws.

## VII.  Demand for Trial by Jury

40.  Thompson hereby demands a trial by jury on each of his claims pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the U.S. Constitution.

Dated at the law office of GINGRAS THOMSEN & WACHS LLP in Milwaukee, Wisconsin, on this 19th day of August, 2020.

Respectfully submitted,

*/s/ William F. Sulton*
WILLIAM F. SULTON
Bar ID: WI0038

*Counsel for Plaintiff*

GINGRAS THOMSEN & WACHS LLP
219 N Milwaukee St, Ste 520
Milwaukee, WI  53202
414-935-5490 (direct)
414-778-0700 (main)
wsulton@gtwlawyers.com